IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PATRICIA WOOD LAW,       )
                            )
       Plaintiff,       )
                            )
       v.                )       CIVIL ACTION NO. 2:15cv614-TFM
                            )            (WO)
CAROLYN W. COLVIN,       )
Acting Commissioner of Social Security,   )
                            )
       Defendant.     )

## MEMORANDUM OPINION

### I. Introduction

Plaintiff Patricia Wood Law ("Law") applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., alleging that she is unable to work because of a disability.   Her application was denied at the initial administrative level.   The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ").   Following the hearing, the ALJ concluded that the plaintiff was not under a "disability" as defined in the Social Security Act.   The ALJ, therefore, denied the plaintiff's claim for benefits.   The Appeals Council rejected a subsequent request for review.   Consequently, the ALJ's decision became the final decision of the Commissioner of Social Security (Commissioner).[1]   *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).   Pursuant to 28 U.S.C. § 636(c), the parties have consented to

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

entry of final judgment by the United States Magistrate Judge.  The case is now before the

court for review pursuant to 42 U.S.C. §§ 405 (g) and 1631(c)(3).   Based on the court's

review of the record in this case and the parties' briefs, the court concludes that the

Commissioner's decision should be affirmed.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months . . .

To make this determination,[2] the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not
> disabled."

---

[2]  A "physical or mental impairment" is one resulting from anatomical, physiological, or
psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory
diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III. Discussion

**A. The ALJ's Decision.**  Law was 59 years old at the time of the hearing.  R. 29.  She has prior work experience as a home healthcare worker.  R. 31.  Law alleges that she became disabled on January 24, 2012, due to shoulder, neck, hip and back pain,

_____

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

osteoporosis, arthritis, and diabetes. R. 32-47.   After the hearing, the ALJ found that Law suffers from severe impairments of mild degenerative disc disease, scoliosis, diabetes mellitus, osteoarthritis, and hypertension plus non-severe impairments of osteopenia, hyperlipidemia, a history of tobacco use with lung nodules, and chest pain.  R. 14.  The ALJ found that Law has the residual functional capacity to perform medium work with limitations.  Specifically, the ALJ found:

> The claimant could lift and carry up to 50 pounds occasionally and 25 pounds frequently.  She could push push and pull within those same exertional limitations on the left, but only occasionally push and pull with the dominant, right upper extremity.  She could stand or walk about 6 hours and could sit for at least 6 hours out of an 8-hour workday.  She could frequently stoop, crouch, kneel, crawl, and climb – but not ladders, ropes, or scaffolding.  She could only occasionally reach overhead on the right and no more than frequently reach laterally or out from the body.  She could perform tasks not involving operation of vibrating tools or equipment and tasks not involving exposure to workplace hazards such as unprotected heights and dangerous moving machinery.

R. 15.  The ALJ determined that Law is unable to return to her past work.  R. 18.  Relying in part on testimony from a vocational expert, the ALJ concluded that Law is capable of performing work as a hospital cleaner, broom bundler, and crate liner.  R. 19.  Accordingly, the ALJ concluded that Law is not disabled.  *Id*.

**B. The Plaintiff's Claim.**  Law's sole contention is "whether the Administrative Law Judge failed to give adequate consideration to medical evidence of record and Plaintiff's testimonial evidence of [her] alleged right shoulder condition."  Doc. 12, Pl's Br., p. 1, 5.  Specifically, Law asserts that the ALJ failed to enter any findings regarding the severity of her shoulder impairment or consider the opinion of Dr. Dexter Walcott, an orthopedic

specialist.

The medical records indicate that Law sought treatment for her shoulder condition once during the relevant time period.  On April 27, 2012, Law went to Dr. David J. Knapp, a doctor of internal medicine, complaining of right shoulder pain.  R. 237.  Dr. Knapp's diagnostic assessment was osteoarthrosis of the primary shoulder and pleuritic chest wall pain.  R. 238.  Dr. Knapp ordered an injection of Depo Medrol and prescribed Prednisone. *Id*.

Two years later, Law sought additional treatment from a medical specialist for her shoulder condition.  On May 23, 2014, Law went to Dr. Walcott complaining of "right shoulder and arm pain for probably the last couple of years getting worse" and that it was "[h]ard to lift, pull, push and reach above her head."  R. 280.  Dr. Walcott's diagnostic impression was "right shoulder likely rotator cuff tear, impingement, acromioclavicular (AC) arthrosis."  R. 280.  On June 4, 2014, Law underwent an MRI which indicated "AC arthrosis without impingement.  Complete tearing with retraction of the supraspinatus tendon and intrasubstance tearing of the infraspinatus tendon." R. 281.  During a follow-up appointment on June 6, 2014, Dr. Walcott recommended surgery, noting that Law decided to "work on some things she has going on and then call . . . and let [him] know when she wants to get set up for outpatient arthroscopic right rotator cuff repair, acromioplasty, distal clavicle resection."  R. 278.  The following day, Law requested an injection of Depo-Medrol.  *Id*.

First, Plaintiff's argument that the ALJ failed to consider the severity of her shoulder impairment is unavailing.  During the relevant time period, Dr. Knapp assessed that Law

suffered from osteoarthrosis of the primary shoulder and administered one injection. R. 238. The ALJ specifically found at Step Two of the sequential evaluation that Law's osteoarthritis is a severe impairment. R. 14. Thus, the ALJ considered the severity of Law's shoulder condition.

Law also argues that the ALJ failed to consider her testimony regarding her shoulder pain. During the hearing, Law testified that throughout 2012 she suffered from arthritis pain in her neck, back, hip, and right shoulder all the time. R. 40. She also stated that lifting a vacuum cleaner or anything over ten or more pounds caused pain. R. 43. In addition, she testified that injections were effective for no more than a day or two and that her pain was between an 8 and 10 on a scale of 10-point scale at least four days a week. R. 46, 48.

"Subjective pain testimony supported by objective medical evidence of a condition that can reasonably be expected to produce the symptoms of which the plaintiff complains is *itself* sufficient to sustain a finding of disability." *Hale v. Bowen*, 831 F.2d 1007 (11th Cir. 1987). The Eleventh Circuit has established a three-part test that applies when a claimant attempts to establish disability through his own testimony of pain or other subjective symptoms. *Landry v. Heckler,* 782 F.2d 1551, 1553 (11th Cir. 1986); *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). This standard requires evidence of an underlying medical condition *and either* (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (2) an objectively determined medical condition of such severity that it can reasonably be expected to give rise to the alleged pain. *Landry,* 782 F. 2d at 1553. In this circuit, the law is clear. The Commissioner

6

must consider a claimant's subjective testimony of pain if he finds evidence of an underlying medical condition and the objectively determined medical condition is of a severity that can reasonably be expected to give rise to the alleged pain. *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry*, 782 F.2d at 1553. Thus, if the Commissioner fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, the Commissioner has accepted the testimony as true as a matter of law. This standard requires that the articulated reasons must be supported by substantial reasons. If there is no such support then the testimony must be accepted as true. *Hale*, 831 F.2d at 1012.

The ALJ considered Law's testimony and discussed the medical evidence. The ALJ acknowledged that the "medical signs and laboratory findings do substantiate the claimant's physical impairment and is supportive that this impairment is capable of producing the alleged pain," but "conclude[d] that [her] subjective pain complaints are not fully credible and the record supports this inconsistency of subjective complaints versus objective findings on examination." R. 17. The ALJ specifically found that Law's medical treatment was routine and conservative in nature with no evidence of significant pain management efforts. Id. In addition, he noted that "there is one instance of Depo Medrol injection within the period at issue; however, there are no complaints of severe pain in subsequent visits." *Id.*

Where an ALJ decides not to credit a claimant's testimony, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995); *Jones v. Dept. of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based

on substantial evidence).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "'the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.'"  *Foote*, 67 F.3d at 1562, *quoting Tieniber*, 720 F.2d at 1255 (although no explicit finding as to credibility is required, the implication must be obvious to the reviewing court).  The ALJ has discretion to discredit a plaintiff's subjective complaints as long as he provides "explicit and adequate reasons for his decision."  *Holt,* 921 F.2d at 1223.  Relying on the treatment records, objective evidence, and Law's own  testimony, the ALJ concluded  that her allegations regarding pain were not credible to the extent alleged and discounted that testimony.  After a careful review of the ALJ's analysis, the court concludes that the ALJ properly discounted the plaintiff's testimony and substantial evidence supports the ALJ's credibility determination.

The medical records support the ALJ's conclusion that, while Law's shoulder condition could reasonably be expected to produce pain, her shoulder impairment was not so severe as to give rise to disabling pain during the relevant time period.  As previously discussed, Dr. Knapp's notes indicate that Law sought treatment for her shoulder pain on one occasion in 2012 and that her condition was treated conservatively.  Thus, the ALJ had good cause to discount Law's testimony.

To the extent Law argues the ALJ erred in failing to discuss Dr. Walcott's findings, this court concludes that any error is harmless.  Law contends that Dr. Walcott's diagnosis of a rotator cuff tear and his note indicating that she suffered from shoulder pain for two

years establishes that her pain is so severe as to prevent her from performing work. The problem is that Law did not seek treatment from Dr. Walcott during the relevant time period. In addition, Dr. Walcott did not specifically find that Law suffered from severe pain for two years. Dr. Walcott's notes indicate that Law reported "right shoulder and arm pain for probably the last couple of years getting worse." R. 280. There is no doubt that Law's condition worsened over time; however, there is no medical evidence indicating that the rotator cuff tear occurred during the relevant time period and this court will not speculate as to the timing of the injury. Moreover, Dr. Walcott's records indicate that Law chose to forgo surgery for the rotator cuff injury. Consequently, Dr. Walcott's diagnosis which falls outside the relevant time period would not in any way change the outcome of the ALJ's decision.

After a careful review of the record, the court concludes that the ALJ's reasons for discrediting Law's testimony regarding pain were both clearly articulated and supported by substantial evidence. To the extent that Law is arguing that the ALJ should have accepted her testimony regarding her pain, as the court explained, the ALJ had good cause to discount her testimony. This court must accept the factual findings of the Commissioner if they are supported by substantial evidence and based upon the proper legal standards. *Bridges v. Bowen*, 815 F.2d 622 (11th Cir. 1987).

## V. Conclusion

The court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that plaintiff is not disabled. Thus, the court concludes that the decision of the Commissioner is supported by substantial evidence

and is due to be affirmed.

A separate order will be entered.

DONE this 15th day of April, 2016.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE